### E. Gauggel (sued as E. Fox) and Rudy Henry, Co-partners as Fox & Henry, v. Mrs. J. H. Ainley.

1. FIXTURES—*Where New Lease is Taken Without Reserving Right of Tenant to Fixtures Erected Under Former Lease.*—At the expiration of a lease during which trade fixtures had been erected by the tenant, and a new lease taken of the same premises, containing no reservation of any right or claim of the tenant to the fixtures still remaining on the premises, and without recognizing the right of the tenant to remove them, such fixtures erected under the former lease can not be removed by the tenant during or at the end of the new lease, notwithstanding his actual possession of the premises has been continuous.

**Appeal from a Decree Making Permanent an Injunction** entered by the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 12, 1899.

JOHN M. DUFFY, attorney for appellants.

CUTTING, CASTLE & WILLIAMS, attorneys for appellee.

If a tenant accepts a new lease in which there is no reservation of the right to remove fixtures erected under a former lease, his right in the fixture is lost. Sanitary District of Chicago v. Cook, 169 Ill. 184; Watriss v. Bank, 124 Mass. 571; Hedderick v. Smith, 103 Ind. 203; Merritt v. Judd, 14 Cal. 59; Carlin v. Ritter, 68 Md. 478; Taylor on Landlord and Tenant, Sec. 552; Tiedeman on Real Estate, Sec. 7;

Ewell on Fixtures, 174, 175; Wood on Landlord and Tenant, Sec. 532.

Mr. Justice Adams delivered the opinion of the court.

Mrs. J. H. Ainley, the appellee, filed a bill against the appellants, Edwin Gauggel (sued as E. Fox) and Rudy Henry, partners under the firm name of Fox & Henry, to enjoin them from removing from certain premises which they had been occupying as appellee's tenants, a baker's oven and a certain wooden structure. Appellants answered the bill and a replication was filed. By agreement of the parties, the cause was heard on the pleadings, affidavits filed in support thereof, and evidence produced in open court. The court, having, by agreement of and at the request of the parties, visited and examined the premises prior to the hearing, found that the allegations of the bill are true; that appellants, by written lease of date April 26, 1898, leased the premises described in the bill, namely, the first floor of number 137 North Park Avenue, with rooms attached in rear of same, and rooms in rear of store number 139 North Park Avenue, situated in Austin, Cook county, Illinois; that, at the time of said leasing, an oven was erected on said premises, and was then and is now firmly attached to said premises, so as to form a part thereof, and in such manner as to render it impossible to remove the same without substantial injury to the premises; that said oven had been so erected on the premises for several years prior to the date of said leasing, and no reservation of the same was made by appellants in said lease, and that appellants were threatening to remove the same, etc.

On the filing of the bill a preliminary injunction was granted, restraining appellants from removing from the premises the oven and a certain building adjacent to or surrounding it, and attached to the premises. The ordering part of the decree made the preliminary injunction perpetual. It appears from the record that March 14, 1893, Joseph H. Ainley, by written indenture of that date, leased to E. Fox & Son the premises in question, for a term

from May 1, 1893, until April 30, 1894, and that E. Fox & Son during said term erected the oven and wooden structure in question; that after such erection, and during the term created by the lease to E. Fox & Son, appellants, apparently by consent of the parties, were substituted for E. Fox & Son as tenants of the premises under the lease, and assumed the obligation of lessees thereunder, and occupied the premises for the remainder of the term; and thereafter, on May 26, 1898, appellee, who in the meantime seems to have become the owner of the premises, leased them to appellants, by written lease of the last mentioned date, for a term commencing May 1, 1898, and ending April 30, 1899. This lease was in duplicate; and one part was signed by Mrs. J. H. Ainley, by C. S. Castle, agent, and the other part by appellants. At the time appellants became tenants under the lease to E. Fox & Son, they purchased from E. Fox & Son the oven and wooden structure, and they were on the premises at the date of the execution by appellee of the lease to appellants. The lease to appellants contains the following stipulations by appellants:

"That they have examined and know the condition of said premises, and have received the same in good order and repair, * * * and that they will keep said premises in good repair * * * and will keep said premises and appurtenances * * * in a clean and healthy condition, * * * and upon the termination of this lease, in any way, will yield up said premises to the said party of the first part in good condition and repair, loss by fire and ordinary wear excepted, * * * and will not permit any alteration of or upon any part of said demised premises, nor allow any signs or placards posted thereon, except by written consent of the first party; all alterations and additions to said premises shall remain for the benefit of the lessor, unless otherwise provided in said consent as aforesaid."

The former lease to E. Fox & Son was on the same form and contained the same printed provisions. The lease to appellants contains no reservation to them of the oven, or wooden structure, or any fixtures, and counsel for appellants admit, in their argument, that the lease to E. Fox & Son contained no reservation of any fixtures.

Appellants, claiming that appellee had violated the lease, were about to abandon the premises and remove therefrom the oven and wooden structure surrounding and covering it, when appellee, by Castle, her agent, forbade them so to do.

The answer of appellants alleges, in substance, that they were engaged in the bakery and dining room business, and used the oven in their business.

Earle, appellee's witness, describes the oven and wooden structure, and the manner in which they are connected with appellee's main building, as follows:

"Said oven is built of brick and iron, in the rear, about five feet from alley at the rear of main store room, which has brick wall; that foundation of oven consists of posts driven in the ground, on which rest heavy wooden sills, on which are joists, then a brick structure about twelve by sixteen feet, the same dimensions as foundations; the whole is covered by a wooden shed, the roof of which slants west, extending from the rear wall of said store, and is attached thereto by tin sheets nailed and extending under wooden shingles; that said brick structure is built up against the rear wall of the store building; the rear wall thereof constitutes the east side of the oven, and through the rear wall of said oven there are five openings into the oven, viz.: one to each furnace, to oven, for peep hole, for hot water pipe, extending into store room, and for damper; that all openings except chimney are through the rear wall of said store-room. The furnace has long iron bars on grates extending from the said opening in said rear wall backwards and firmly connected, and that the sills rest on and are nailed to said posts; that wooden braces are nailed at one end to said posts and at the other to sills; the brick structure is connected with rear wall of said store-room by mortar, and connections are made at openings so as to form one continuous structure; that the east wall of oven is rear wall of store-room; that adjoining oven on the south is a frame shed which extends to the south line extended of store-room; adjoining said oven on the north is a frame structure, roof of which extends up to and is connected with building, and along the south side is attached to roof of said oven; the truss holding up same is nailed to one of the braces of said oven; that oven is also braced by iron rods extending from the rear of brick structure entirely through the same, and the rear wall of store-room."

Tyler, witness for appellants, says that Earle's statement of facts, dimensions, etc., is, in the main, correct, but says that the peep hole is only six by eight inches, and hot water pipe hole six by six inches, and the damper hole one-half by one-half inch in dimension.    Gauggel, one of the appellants, says:

" There are three small openings not exceeding eighteen by thirty-six inches in said main wall, to reach oven from interior of said building."

The oven and wooden structure having been erected on the premises before the lease to appellants was executed, and being there at the time the lease was executed, even assuming they were trade fixtures, and the lease containing no reservation of the right of appellants to remove them, appellants have not the right to remove them.

We regard the law on the subject as settled by the decision of the court in Sanitary District v. Cook, 169 Ill. 184. In that case the court say :

" But the great weight of authority seems to be that where, at the expiration of a lease during which trade fixtures have been created on the premises by the tenant, a new lease is taken of the same premises, containing no reservation of any right or claim of the tenant to the fixtures still remaining on the premises, and without recognizing the right of the tenant to remove them, such fixtures erected under the former lease can not be removed by the tenant during or at the end of the new lease, notwithstanding his actual possession of the premises has been continuous." Citing numerous authorities.

Counsel for appellants seek to distinguish the case cited from the present, but we can perceive no distinction in principle.

Counsel urge that Castle, appellee's agent, recognized that appellants owned the fixtures by offering to purchase them; but Castle testified that all offers made by him to appellants to pay anything for the oven, were made merely as offers of compromise, and for the sole purpose of avoiding the expense and trouble of litigation, and that appellants were so informed and so understood.    It does not appear from

the record that Castle was appellee's agent for any purpose except the leasing of the premises, and perhaps collecting the rent, and such agency would not authorize him to permit the removal of fixtures which were a part of the premises, in legal contemplation, or to divest appellee of the ownership of such fixtures by anything which he might say or do.

Whether the oven and its protecting wooden structure are so attached to appellee's building that they can not be disconnected therefrom without substantial damage to the building is a question of fact, and we can not say that the court's finding on that question is not sustained by the evidence, especially as the court, by request of the parties, viewed and examined the premises. In Springer v. City of Chicago, 135 Ill. 552, 561, the court say: "The premises, on view, may be regarded, as it is termed in the books, real evidence, and oral testimony in reference to the premises could not be as satisfactory in its character as the real evidence."

The decree will be affirmed.